**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 97-4447**

———————

UNITED STATES OF AMERICA,

                     Plaintiff - Appellee,

    versus

WILLIS LINDSEY O'REILLY,

                     Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (CR-90-17-BR)

———————

Submitted:  January 22, 1998      Decided:  February 3, 1998

———————

Before WIDENER, MICHAEL, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William Arthur Webb, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Willis Lindsey O'Reilly was convicted in 1991 of violating 21 U.S.C. § 846 (1994), and sentenced to a term of 63 months imprisonment and four years supervised release. He began serving his term of supervised release in 1995 and was subsequently convicted in state court of taking indecent liberties with a child. Because the new criminal conduct was a violation of the conditions of O'Reilly's supervised release, the district court revoked his supervised release and sentenced him to a term of ten months imprisonment consecutive to the state sentence. O'Reilly appeals, alleging that the district court may not have understood its authority to impose a concurrent sentence instead. We affirm.

At the revocation hearing, O'Reilly requested a sentence concurrent with the state sentence he was then serving. The government did not oppose a concurrent sentence. However, the district court, without comment, imposed a consecutive sentence. While U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. (1995) calls for a term of imprisonment imposed upon revocation of supervised release to be consecutive to any sentence the defendant is serving, the Chapter 7 policy statements are not binding on the district court. See United States v. Davis, 53 F.3d 638, 641-42 (4th Cir. 1995). There is no indication in the record that the district court was unaware of our holding in Davis or believed that it lacked the discretion to impose a concurrent sentence.

Consequently, we affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequate-

ly presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED